UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGHTY DREAMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SCHENZHEN JICANGCHUANGYISHEJI, CO., LTD.,<br><br>Defendant. | Case No. C25-702-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING PLAINTIFF'S MOTIONS FOR EXPEDITED DISCOVERY AND ALTERNATE SERVICE |

## I.   INTRODUCTION

On August April 18, 2025, Plaintiff Mighty Dreams, LLC filed this case with a motion seeking 1) an *ex parte* temporary restraining order ("TRO") and temporary asset restraint, 2) expedited discovery, and 3) alternate service by email. Dkt. #2.

Plaintiff's Complaint alleges that Defendant Schenzehen Jicangchuangyisheji Co., LTD., have violated the Lanham Act, 15. U.S.C. § 1125(a), the Washington Consumer Protection Act, and common law unfair competition, causing harm to Plaintiff through false advertising practices in its chainsaw sharpener sales on Amazon.com. Dkt. #1. Filed with the TRO Motion is the declaration of Salma Baig, a member of Plaintiff's LLC, and several exhibits. Dkt. #2.

Plaintiff is a limited liability company in California that sells electric chainsaw sharpening tools via its website and Amazon.com Marketplace. *Id*. at 4. Defendant is a China-based limited company selling "virtually identical electric chainsaw sharpening tools . . . both on

the Amazon.com platform and through its own website[.]" *Id*. Defendant advertises that it was founded by "Sheldon, a son of a logger" and "that its use of titanium makes its chainsaw sharpener bits last 20% longer than its competitors." *Id*. at 4-5. Plaintiff states that it "performed a test buy of two of Defendant's products" and "sent these products to a third-party independent testing laboratory . . . to test each product." *Id*. at 5. Plaintiff alleges that these tests revealed that Defendant's products contain no titanium, though "Defendant has consistently falsely advertised the presence of titanium in its products." *Id*.

Plaintiff filed the instant Motion, stating that Defendant continues to falsely advertise its company's origins and that its products are harder than competitors due to the use of titanium. *Id*. at 6. Plaintiff alleges that these practices harm Plaintiff by "deceiv[ing] customers to divert them to Defendant's products at the expense of competitors like Plaintiff." *Id*. Plaintiff requests a TRO, as well as a "prejudgment asset freeze" due to Defendant's "disregard for the law and [sic] propensity to conceal its identity and funnel funds to China[.]" *Id*. at 3. Plaintiff also requests authorization to serve Defendant via email and for alternate service. *Id*. at 4.

## II.    DICUSSION

### A.    TRO

Plaintiff asks the Court to restrain Defendant's from selling its "falsely advertised" products because this "intentional, coordinated, and continuing scheme . . . is causing and will continue to cause irreparable harm." *Id*. at 7. Plaintiff argues that it has shown immediate and irreparable harm because Defendant's ongoing false advertisement will cause damage to Plaintiff through loss of prospective customers and their "goodwill," as well as revenue. *Id*. at 3 and 7. Later, Plaintiff makes the case that the Court needs to immediately and without notice freeze Defendant's assets because "in the absence of this relief, it is highly likely that the Defendant will transfer these financial assets overseas." *Id*. at 19. Plaintiff states that this freeze will

ORDER - 2

"preserve Plaintiff's right to an accounting of Defendant's profits from sales of falsely advertised products and [sic] protect against the transfer of these funds to overseas bank accounts in an attempt to make Defendant judgment proof." *Id*. at 18.

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

The Court finds that Plaintiff has failed to allege facts representing that a TRO is appropriate or necessary in this case. Though Plaintiff cites to several out-of-district and circuit cases where courts found a TRO to be appropriate, Plaintiff makes no argument as to how its case is similar, and the Court finds those cases different and distinguishable from this case, as those cases involved trademark infringements and plaintiffs who showed particular, individual injuries and histories of defendants ignoring court orders and destroying evidence. Dkt. #2 at 7-8. While several of these courts found asset freezing appropriate due to the practices of overseas defendants in trademark infringing and counterfeiting, the Court fails to see why this extreme remedy is necessary through an *ex parte* TRO to ensure Plaintiff's recovery. At this time, it seems possible that Defendant's assets in China can be located and obtained with some effort, thus negating any irreparable harm from the transfer of money from one bank account to another, or Defendant will stop upon learning of this case. Here, it has not been established that this is not possible. Given all of the above, Plaintiff has failed to show the required immediate and irreparable harm for an *ex parte* TRO, and the Court need not consider the other factors.

ORDER - 3

**B. Expedited Discovery**

This Court may authorize expedited discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for such early discovery. *See, e.g., Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

Plaintiff states that Defendant's use of "third-party payment providers . . . impairs Plaintiff's ability to specifically identify Defendant's bank or other merchant accounts in the United States." Dkt. #2 at 20. Plaintiff argues that "narrowly tailored discovery intended to unmask Defendant and its financial accounts will allow Plaintiff to ensure that it has identified the proper parties to this lawsuit and their associated financial accounts to prevent further irreparable harm." *Id*. Plaintiff requests the Court authorize expedited subpoenas to "Defendant's domain name registrar DNSPod, its web host Shopify.com, and its payment providers PayPal and Amazon.com to uncover this information." *Id*.

The Court finds Plaintiff has demonstrated good cause in seeking this relevant information, it is familiar with this process in similar cases, and Defendant will not be overly prejudiced by limited expedited discovery. The Court will permit expedited discovery as stated below.

**C. Alternate Service**

Plaintiff next requests approval to serve Defendant via an email address obtained during Plaintiff's test buys of Defendant's products. *Id*. at 24. Plaintiff argues that this email is valid and working because Plaintiff received a response from Defendant via this address. *Id*. Plaintiff believes that Defendant is attempting to hide its physical address and presents adequate argument that service by email is permitted under the Hague Convention for Defendant located in China.

*See id*. at 25-26.

The Court finds that service by email is permitted under the circumstances of this case, specifically where the foreign defendant resides in China and plaintiff has been unable to ascertain physical addresses for service after a reasonable effort. *See Keck v. Alibaba.com, Inc.*, 2018 WL 3632160, at *3–4 (N.D. Cal. July 31, 2018); *Microsoft Corp. v. Gameest Int'l Network Sales Co.*, 2017 WL 4517103, at *2-3 (N.D. Cal. Oct. 10, 2017); *Chanel, Inc. v. Lin*, 2010 WL 2557503, at *3 n.3 (N.D. Cal. May 7, 2010); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007). Plaintiff has otherwise demonstrated good cause for this relief.

### III.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and Orders:

1) Plaintiff's *ex parte* Motion for Temporary Restraining Order and Temporary Asset Restraint, Dkt. #2, is DENIED.

2) Plaintiff's Motion for Expedited Discovery is GRANTED. Plaintiff may obtain information and documents through third-party subpoenas to:

    a. DNSPod;

    b. Shopify.com;

    c. Amazon.com; and

    d. PayPal.

    Such information and document requests will be limited to: identities and addresses (physical and email) of Defendant, complete financial records maintained by Defendant's providers, and other contact information.

3) Plaintiff's Motion for Alternative Service of Process is GRANTED. Plaintiff is

authorized to effect process on the named Defendant through Defendant's associated email address: ezzdoo_service@outlook.com. If Plaintiff identifies additional defendants, Plaintiff must move the Court to obtain further authorization for alternative service.

DATED this 18th day of April, 2025.

\
RICARDO S. MARTINEZ\
UNITED STATES DISTRICT JUDGE