UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIGHTY DREAMS, LLC,

                Plaintiff,

           v.

SHENZHEN JICANGHONGCHUANGYISHEJI, CO., LTD.,

                Defendant.

Case No. C25-702-RSM

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Defendant's Motion for Protective Order, Dkt. #32. Plaintiff opposes. Dkt. #35. Neither party has requested oral argument. For the following reasons, the Court will grant Defendant's Motion.

Defendant requests that the Court order Mr. Shaodong Xu's deposition occur either remotely or in person in Hong Kong. Dkt. #32 at 7. Plaintiff contends that Mr. Xu, a shareholder of Defendant, is central to this case because Defendant's alleged false advertising uses Mr. Xu's "false persona and origin story" to sell Defendant's chainsaw sharpeners. Dkt. #35 at 1-2.

Defendant states that Plaintiff first sought to depose Mr. Xu in person in Seattle, Washington in October 2025. Dkt. #32 at 2. Due to Mr. Xu being a Chinese national residing in China, Defendant proposed conducting the deposition either remotely or in person in Hong

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

Kong. *Id*. Plaintiff refused these options, instead stating that they would file a motion with the Court if Mr. Xu did not apply for a B-1 visa to attend an in-person deposition in Seattle. Dkt. #33 at ¶ 2 and Ex. A. Mr. Xu applied for the visa, attended his interview on November 4, 2025, and received a letter from the Consulate General of the U.S., Guangzhou, China that day stating that his visa application was denied. *Id*. at ¶ 7, Dkt. #34 at Ex. A. Upon informing Plaintiff that his visa was declined, Plaintiff insisted that Mr. Xu "did not apply for the correct visa and, in applying for the visa that he did seek, he did not provide sufficient documentation to establish that he would return to China." Dkt. #33 at Ex. C. Plaintiff then demanded that Defendant provide them "with copies of everything that was submitted" for Mr. Xu's application." *Id*. at Ex. D. Defendant refused, stating that they "applied for the visa as a courtesy," which they "did not have to do" and that "those application materials are highly private to Mr. Xu." *Id*.

On the other hand, Plaintiff contends that "Mr. Xu has refused to provide information or evidence concerning his identity" throughout this case, and "this is a part of a pattern and practice of deception undertaken by Defendant" and another attempt "to hide the identity of Mr. Xu." Dkt. #35 at 2. "Plaintiff believes that Mr. Xu requires a remote deposition because he does not exist or, at a minimum, is not who he says he is." *Id*. at 3. Plaintiff argues that Defendant has not provided evidence to support that Mr. Xu was denied the correct visa or undue burden in traveling to Washington. *Id*. at 5. Plaintiff argues that a remote deposition would be highly prejudicial to them because (1) "Mr. Xu's deposition will require a translator, making a remote deposition unreasonably lengthy and unwieldly [*sic*][,]" (2) Mr. Xu's status as the primary witness favors "in person [testimony] so that his credibility for trial may be examined[,]" and (3) "there is a high-level of distrust among Plaintiff and Defendant[.]" *Id*. at 6.

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 2

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."  Fed. R. Civ. P. 26(c)(1).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  *Id*.  "The decision to issue a protective order rests within the sound discretion of the trial court."  *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

"Generally, a plaintiff is required to submit to a deposition in the forum in which he brought suit."  *Cervantes v. City of Des Moines*, No. C06-1714RSM, 2007 WL 9775555, at *1 (W.D. Wash. Oct. 16, 2007) (internal citation omitted).  However, where a plaintiff can show good cause, a court may order the deposition to take place elsewhere.  *Id*.; *see, e.g.*, *Timaero Ireland Ltd. v. Boeing Co.*, No. C21-488 RSM, 2026 WL 324026, at *1 (W.D. Wash. Jan. 29, 2026) (listing cases).

The Court finds that Defendant has set forth extraordinary circumstances permitting a remote deposition or one in another location, such as Hong Kong.  The Court is convinced that Mr. Xu cannot travel to this district for reasons outside of his control.  Plaintiff has failed to present adequate evidence of prejudice or any other reason to grant the requested relief.

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 3

Having reviewed the instant Motion, responsive briefings and attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Protective Order, Dkt. #32, is GRANTED.  Mr. Shaodong Xu is not required to travel to the United States for deposition and may be deposed either remotely or in person in Hong Kong, China.

DATED this 27th day of May, 2026.

Ricardo S. Martinez
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 4