UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIGHTY DREAMS, LLC,

                   Plaintiff,

        v.

SHENZHEN
JICANGHONGCHUANGYISHEJI, CO.,
LTD.,

                Defendant.

Case No. C25-702-RSM

ORDER GRANTING AND DENYING
IN PART MOTION TO COMPEL

      This matter comes before the Court on Plaintiff's Motion to Compel. Dkt. #20. Defendant opposes. Dkt. #21. The parties have not requested oral argument.

      "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has

ORDER GRANTING AND DENYING IN PART MOTION TO COMPEL - 1

the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Plaintiff moves for this Court to compel Defendant to produce supplemental and responsive documents to several of Plaintiff's First Requests for Production ("RFP") of Documents. Dkt. #20 at 4. These RFPs include:

1. "a copy of the passport or other identifying document showing the full name and address of Shaodong Xu" (RFP 1);

2. "all correspondence between [Defendant] EzzDoo and its customers or prospective customers from January 1, 2022 to the present, including, but not limited to, all customer support requests or inquiries, concerning or relating to its alleged titanium-plated chainsaw sharpening bits" (RFP 2);

3. "all correspondence between [Defendant] EzzDoo and the Assessment Center of Advanced Materials, School of Peking University, concerning Service Number PKUST-219070045" (RFP 3) and "an original, signed copy (whether electronically signed or wet signed) of the testing results associated with Service Number PKUST-219070045 with all metadata intact" (RFP 5);

4. "all documents and communications between [Defendant] EzzDoo and the designer or manufacturer of its electric chainsaw sharpener [or electric chainsaw sharpener bits] from January 1, 2022 to the present" (RFPs 9 & 10);

5. "an original copy of all videos created by EzzDoo from January 1, 2022 to the present that advertise its electric chainsaw sharpeners or electric chainsaw sharpener bits" (RFP 12);

ORDER GRANTING AND DENYING IN PART MOTION TO COMPEL - 2

6. "a copy of the passport or other identifying document showing the full name and address of Ping Li" (RFP 13) and "all correspondence between [Defendant] EzzDoo and Ping Li from January 1, 2022 to the present" (RFP 14); and

7. "all documents and correspondence concerning or related to [Defendant] EzzDoo's participation in the Amazon.com Brand Registry Program" (RFP 16).

Dkt. #20 at 4-11.

The Court finds that the majority of the above requests are relevant to Plaintiff's claims and that Defendant's objections are not persuasive given that Rule 26 "favors broad discovery[.]" *Lauer v. Longevity Med. Clinic PLLC*, No. C13-0860, 2014 WL 5471983, at *3 (W.D. Wash. Oct. 29, 2014). Accordingly, the Court GRANTS Plaintiff's request as to RFPs 3, 5, 12, and 16. However, the Court partly agrees with Defendant on some of these requests, as detailed below.

On RFP 1, Defendant has already provided Plaintiff with Mr. Xu's official *hukou*, or Chinese registration document, which provides his full legal name and residential address. Dkt. #21 at 4-5. The Court finds that Defendant has provided the requested information and will DENY this request.

On RFP 2, Defendant contends that it "will supplement its production based on the additional search term proposed by Plaintiff" and "confirms that it does not withhold documents post June 3, 2025[.]" Dkt. #21 at 6. Defendant states that it "has already produced all responsive materials within its possession, custody, or control in accordance with the search terms agreed by the parties and is not withholding any document." *Id*. Plaintiff does not address these "search terms" or otherwise in its Reply. *See gen*. Dkt. #24. It appears that this request is perhaps moot, or, at least, it is unclear to the Court that Defendant has failed to produce the requested information if search terms were agreed upon. Accordingly, this request is DENIED.

ORDER GRANTING AND DENYING IN PART MOTION TO COMPEL - 3

On RFPs 9 and 10, Defendant contends that this request is overbroad and unduly burdensome and "would only expose confidential business information." Dkt. #21 at 7-9. Plaintiff argues that "this information is relevant to determine whether Defendant's product is, in fact, made from titanium and whether Defendant requested that its manufacturer make its product from titanium." Dkt. #20 at 6. On that argument, Defendant contends that this information is irrelevant and that this demand was "never communicated to Defendant at the meet-and-confer or through email correspondence . . . [or] in Plaintiff's discovery requests." Dkt. #21 at 8. The Court agrees that the requested information is relevant to Plaintiff's claims, but it is unclear if the request was clearly communicated and appears overly burdensome. Therefore, the Court DIRECTS the parties to meet and confer in order to reach an agreement on these RFPs.

On RFP 13 and 14, while perhaps relevant to Plaintiff's claims, the Court agrees with Defendant that RFP 14 is overly broad. Accordingly, the Court GRANTS Plaintiff's request as to RFP 13. Regarding RFP 14, the Court also DIRECTS the parties to meet and confer to come to an agreement on this request.

Plaintiff also challenged Defendant's designation of customer returns and support emails as "Attorneys' Eyes Only." Dkt. #20 at 8-9. The parties have since resolved this issue, and Plaintiff has "withdraw[n] the Motion to the extent it intends to challenge the 'Attorneys' Eyes Only' designation[.]" Dkt. #24 at 2. Accordingly, the Court DENIES this request as moot.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Compel, Dkt. #20, is GRANTED AND DENIED IN PART for the reasons stated above. Defendant shall supplement its discovery responses in keeping with this Order no later than thirty (30) days after entry of this Order.

ORDER GRANTING AND DENYING IN PART MOTION TO COMPEL - 4

DATED this 4th day of June, 2026.


                         Ricardo S. Martinez
                         United States District Judge

ORDER GRANTING AND DENYING IN PART MOTION TO COMPEL - 5